UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

___

Sarprio Doranti et al,                                   Civil No. 12-CV-1509 (DWF/LIB)

        Plaintiffs,

v.                                                       **REPORT AND RECOMMENDATION**

Debora Zauhar,

        Defendant.

___

      This matter came before the undersigned United States Magistrate Judge upon the routine supervision of cases and upon an assignment made in accordance with 28 U.S.C. 636(b)(1)(A).  Plaintiffs commenced this action on June 25, 2012.  (Compl. [Docket No. 1]).  Plaintiffs did not pay the $350 filing fee for this action, but they instead filed applications for leave to proceed in forma pauperis (IFP).  (Docket Nos. 2-4).

      In its June 27, 2012 Order, the Court denied Plaintiffs' IFP applications because the IFP applications did not permit the Court to correctly determine the amount of the initial partial filing fee that each Plaintiff would have to pay pursuant to 28 § 1915(b)(1).  (Order [Docket No. 5] at 3).  The Court directed each Plaintiff to submit an amended IFP application and submit an initial partial filing fee to the Clerk of Court by July 20, 2012.  (Id. at 4).  The Court advised Plaintiffs that if they did not file an amended IFP application and pay the initial partial filing fee, they will be deemed to have abandoned the action and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).  (Id. at 5).

      The deadline imposed by the Court has now passed, and none of the Plaintiffs have complied with the Court's order, nor has any Plaintiff provided any good cause for a failure to comply.  Based on the Court's express warning regarding the consequences that would follow if

Plaintiffs failed to comply with the Court's prior order, it is now recommended that Plaintiffs be deemed to have abandoned this action, and that the action be dismissed without prejudice.  Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

Based upon the above, and upon all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  That Plaintiffs' Complaint [Docket No. 1] be DISMISSED WITHOUT PREJUDICE for failure to comply with this Court's Order of June 27, 2012, and for lack of prosecution.


Dated: August 15, 2012                              s/Leo I. Brisbois
                                                    LEO I. BRISBOIS
                                                    United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 29, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.